# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMBER CHAMPAGNE** | **CIVIL ACTION** |
| **VERSUS** | **NO:    18-1785** |
| **WILEY MARTIN** | **SECTION: "D"(5)** |

## ORDER

Before the Court is Defendant Wiley Martin's Motion to Dismiss, or alternatively, Motion for Summary Judgment (R. Doc. 30) and Plaintiff Amber Champagne's Response in Opposition (R. Doc. 37). After careful consideration of the parties' memoranda and the applicable law, the Court DENIES Defendant's Motion (R. Doc. 30).

## Background

This is an excessive force case. Plaintiff Amber Champagne ("Champagne") alleges claims against Defendant Wiley Martin ("Martin") under 28 U.S.C. § 1343 "as it relates to actions arising under 42 U.S.C. § 1983 and by 28 U.S.C. § 1331" and "state claims."[1] Champagne originally filed suit against the Lutcher Police Department, the Town of Lutcher, the St. James Sheriff Department, and Martin in his capacity as Sheriff.[2] Champagne voluntarily dismissed her claims against all defendants, with the sole exception of Martin.

---

[1] R. Doc. 1, p. 2.
[2] R. Docs. 1-8.
[3] R. Doc. 30-1, p. 3

Defendant alleges that Officer Robinson approached Champagne outside of a residence on the basis of outstanding warrants pending against her.[3] Champagne's boyfriend, Jason Malbrough, allegedly interjected and asked Officer Robinson to leave.[4] At some point, the plaintiff entered the residence.[5] Officer Robinson then called for back-up.[6] Sergeant Dustin Tomlinson and Deputy Raymond Marzilli of the St. James Parish Sheriff's Office arrived to assist Officer Robinson.[7] Champagne contends that the officers entered her home without warrant or warning and tackled her, throwing her against the floor.[8] She recounts that an officer placed a knee to her back, fracturing her right shoulder.[9] Defendant alleges that Sergeant Tomlinson earlier advised Champagne that she had active warrants and that she was being placed under arrest.[10] The defense contends that Champagne then fled to the rear of the residence and was taken to the ground by Sergeant Tomlinson.[11] The officers claim that Champagne resisted arrest.[12]

In addition to the active warrants, Champagne was charged with resisting an officer in violation of Louisiana Revised Statutes 14:108.[13] Champagne states that she complained of pain to her right shoulder while she was in jail.[14] She claims she was taken to St. James Parish Hospital where x-rays were taken and a comminuted

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] R. Doc. 1, p. 3.
[9] *Id.*
[10] R. Doc. 30-1, p. 3.
[11] *Id.*
[12] *Id.*
[13] R. Doc. 30-1, pp. 3-4.
[14] R. Doc. 1, p. 3.

nondisplaced fracture of the greater tuberosity was confirmed.[15] She sues for pain

and suffering related to her arrest.[16]

## Analysis

Martin, in his official capacity as Sheriff of St. James Parish, moves for

judgment on the pleadings pursuant to FED. R. CIV. P. 12(c).[18] He argues that any

claims arising out of Champagne's arrest, including excessive force, are barred by

*Heck v. Humphrey*, 512 U.S. 477 (1994).[19] Martin also contends that no alleged

constitutional deprivation was motivated by official policy so as to subject him to

liability under federal law.[20]

### A. Procedure

Any party may move for judgment on the pleadings after the pleadings are

closed:[21] "[T]he central issue is whether, in the light most favorable to the plaintiff,

the complaint states a valid claim for relief."[22] Pleadings should be construed

liberally, and judgment on the pleadings is appropriate only if material facts are not

---

[15] *Id.*
[16] R. Doc. 1, pp. 3-4.
[18] R. Doc. 30.
[19] R. Doc. 30-1, p. 1.
[20] *Id.*
[21] *Hughes v. Tobacco Institute, Inc.* 278 F.3d 417, 420 (5th Cir. 2001).
[22] *Id.*, citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir. 2000).

in dispute and questions of law are all that remain.[23] In ruling, courts are confined to the pleadings and must accept all allegations contained therein as true.[24]

Courts have articulated different tests for deciding Rule 12(c) motions, depending on the motion's purpose. When the motion seeks a merits disposition of the dispute, courts apply the Rule 56 summary judgment inquiry, asking whether the movant is entitled to judgment as a matter of law because no genuine dispute exists as to any material fact.[25] Alternatively, when the motion seeks only to press a Rule 12 defense, courts apply the Rule 12(b)(6) inquiry, asking whether the contested pleading succeeded in alleging a "plausible" claim for relief or in stating a legal defense.[26] In the case at hand, Martin states that he moves to dismiss Champagne's claims against him pursuant to FED. R. CIV. P. 12(c) under both inquiries.[27] The Court applies the summary judgment inquiry to determine whether material facts are in dispute.

Martin attaches as exhibits to his motion (R. Doc. 30) the Lutcher Police Department Report (R. Doc. 30-4), the Notice of Court Appearance (R. Doc. 30-5), Minutes of Champagne's Arraignment (R. Doc. 30-6), and the Final Disposition Report (R. Doc. 30-7). Champagne rejoins that Martin has presented evidence

---

[23] *See Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).
[24] *Hughes*, 278 F.3d at 420.
[25] *See Daewoo Elecs. Am. Inc. v. Ota Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017); *Hindel v. Husted*, 875 F.3d 344, 347 (6th Cir. 20147).
[26] *See In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1056 (8th Cir. 2018).
[27] R. Doc. 30.

outside the pleadings, specifically court records and police report.[28] She argues that the Court should treat Martin's motion as a motion for summary judgment under Rule 56, arguing that the Court cannot consider matters outside the pleadings without such a conversion.[29] Rule 12(d) provides that

> If, on a motion under 12(b)(6) or 12(c), *matters outside the pleadings are presented to and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. [Emphasis added.]

FED. R. CIV. P. 12(d). However, courts may consider publicly available documents at the Rule 12 stage.[30] The police and court documents Martin attached as exhibits to his motion are public records.[31] Therefore, the motion does not convert to a Rule 56 Motion.[32]

*B.* Heck v. Humphrey *and Section 1983 Claims*

42 U.S.C. § 1983 provides a remedy for plaintiffs who have suffered abuses at the hand of an official acting under the color of law.[33] It is an alternative method of protection in federal court when an administrator of state law fails to provide the protections granted by the Fourteenth Amendment.[34]

---

[28] R. Doc. 37, p. 3.
[29] *Id.*
[30] *Van Duzer v. United States Bank Nat. Ass'n*, 582 Fed. App'x 279, 283 (5th Cir. 2014).
[31] *State v. Jackson*, 608 So.2d 949, 957 (La. 1992); LA. REV. STAT. § 44:3(A)(1), (A)(4).
[32] *See Van Duzer*, 582 Fed. App'x at 283-84.
[33] *Singleton v. Champagne*, 2019 WL 917728, at *3 (E.D. La. Feb. 25, 2019)(internal citation omitted).
[34] *Id.*

Martin contends that *Heck* bars Champagne's claims.[35] In *Heck*, an inmate brought a § 1983 action against county prosecutors and a state police investigator, alleging that his conviction violated his constitutional rights.[36] In *Heck*, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[37]

Martin also cites *Hudson* as support for the contention that Champagne's excessive force claim is barred.[38] In *Hudson v. Hughes*, the Fifth Circuit found that *Heck* precluded the plaintiff's excessive force claim.[39] In *Hudson*, the plaintiff was arrested and convicted of battery of an officer.[40] The Fifth Circuit determined that Hudson was barred from bringing a § 1983 claim of excessive force because in Louisiana, self-defense is a justification defense to the crime of battery of an officer:[41] "To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and

---

[35] R. Doc. 30-1, p. 1.
[36] 512 U.S. 477 (1994).
[37] *Id.* at 486-87.
[38] R. Doc. 30-1, p. 9.
[39] 98 F. 3d 868 (5th Cir. 1996).
[40] *Hudson*, 98 F.3d at 873.
[41] *Id.*, citing La. Rev. Stat. § 14:19 and *La. v. Blancaneaux*, 535 So. 2d 1341 (La. Ct. App. 1988)(discussing justification defense to battery of officer conviction)).

necessary to prevent a forcible offense against himself."[42] Therefore, the court found

that if the plaintiff's claim of excessive force was proved, it would necessarily imply

the invalidity of his arrest and conviction for battery of an officer.[43]

However, in *Arnold v. Town of Slaughter*, the Fifth Circuit noted that *Heck*

does not act as a bar to all excessive force claims.[44]

> By proving an excessive force claim, a plaintiff will not invariably
> invalidate his conviction. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th
> Cir.1996). Other circuits have emphasized the conceptual difference
> between an excessive force claim and a challenge to a conviction. Both
> the Ninth and Third Circuits have indicated that an excessive force
> claim would not necessarily challenge a plaintiff's conviction for assault
> during a stop. *Nelson v. Jashurek*, 109 F.3d 142, 145-46 (3d Cir.1997);
> *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996).

*Id.* The court went on to discuss how certain convictions prevent a plaintiff

from bringing an excessive force claim, offering the charge of aggravated assault on

a police officer as an example.[45] Whether *Heck* bars a § 1983 plaintiff from bringing

a claim "depends on the nature of the offense and of the claim."[46]

In *Arnold*, the Fifth Circuit found that the plaintiff's excessive force claim

violated *Heck*.[47] Like Champagne, the plaintiff was convicted of resisting an officer.[48]

---

[42] *Hudson*, 98 F.3d at 873 (internal citation omitted).
[43] *Id.* ("This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction."). *Id.*
[44] 100 Fed. App'x. 321, 323 (5th Cir. 2004).
[45] *Id.*, citing *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Sapping v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999).
[46] *Arnold*, 100 Fed. App'x. at 323.
[47] *Id.* at 325.
[48] *Id.* at 324.

However, the plaintiff in *Arnold* contended that he did nothing wrong to provoke the officer's actions.[49] The plaintiff's complaint did not state that he made any threats or initiated any physical confrontation.[50] During his deposition, he testified that he never attempted to strike any of the officers, never threatened any of them and, in fact, never resisted their attempts to arrest him:[51]

> Thus, Arnold's claims are not that the police used excessive force after he stopped resisting arrest or even that the officers used excessive and unreasonable force to stop his resistance. Instead, Arnold claims that he did nothing wrong, but was viciously attacked for no reason. He provides no alternative pleading or theory of recovery.

*Id.* If a finding of liability would necessarily entail the invalidity of Champagne's criminal conviction for resisting arrest, her § 1983 claim is barred by *Heck*. Champagne confirms in her Response in Opposition that the "difference between the present case and Heck [*sic*] is that the unlawfulness of the actions alleged by plaintiff would not render her conviction or sentence of [resisting] arrest invalid."[52]

Like the plaintiff in *Arnold*, Champagne was convicted of resisting an officer, in violation of LA. REV. STAT. ANN. § 14:108, which provides that

> A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.

---

[49] *Id.*

[50] *Id.*

[51] *Id.*

[52] R. Doc. 37.

B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.

*Id.* Champagne's complaint does not allege that her conviction violates her constitutional rights. In fact, she neither discusses her conviction, nor alleges in her Complaint whether she did or did not resist arrest.[53] Instead, she alleges only that the force used to subdue her was excessive.[54] Plaintiff's Statement of Material Facts, attached to her Response in Opposition, states that she did not attempt to evade the officers or run from them and that she did not fight with the "sheriff officers" in the home.[55] To the extent that Champagne alleges she did not resist arrest, her excessive force claim is barred by *Heck*. Her claim is not barred if she does not allege facts that contradict or undermine her conviction. Therefore, in the interest of fairness, the Court permits Champagne to proceed on her claim only if she does not contradict her conviction by alleging that she did not resist or that her resistance was justified.[56]

As to the issue of lawful arrest, Martin notes that Champagne does not expressly allege a claim for warrantless search of, or entry into, the residence,

---

[53] *See* R. Doc. 1.
[54] R. Doc. 1, p. 4.
[55] *See* R. Doc. 37-1.
[56] *See Nelson v. Jashurek*, 109 F.3d 142, 146 (3rd Cir. 1997); *Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996)(finding that *Heck* did not bar the plaintiff's excessive force claim because the plaintiff maintained that defendants used force far greater than that required for his arrest and out of proportion to the threat which he posed to the defendants).

"however, she does loosely contend that 'three St. James Sheriff's Deputies entered the home without a warrant or warning and tackled Ms. Champagne in the kitchen throwing her against the floor.'"[57] To the extent that Champagne alleges unlawful entry into her home such that her conviction is unlawful, her claim is barred by *Heck*.[58]

Without citing support, Martin states that under Louisiana law, a person is justified in resisting an unlawful arrest.[59] Therefore, he reasons, "there is no question that a finding of liability for use of excessive force would necessarily imply the invalidity of Plaintiff's conviction. That is, by finding that the simple act of tackling Plaintiff to end her flight from and resistance to arrest was excessive, the Court would necessarily imply that Plaintiff was not resisting a lawful arrest."[60] Martin states, "It is uncontested that the Officers were authorized to utilize *whatever force* was necessary to overcome Plaintiff's resistance. La. C. Cr. P. art 220." [Emphasis added.] However, LA. CODE CRIM. PROC. 220 specifically states that the "person making a lawful arrest may use *reasonable force* to effect the arrest and detention, . . . ." [Emphasis added.]

The crux of the case at hand is whether the force used to overcome Champagne's resistance was reasonable. The Court therefore finds that a finding of excessive force in this case is distinct from Champagne's conviction for resisting

---

[57] R. Doc. 30-1, p. 8.
[58] *See Cougle v. Cnty of DeSoto, Miss.*, 303 Fed. App'x. 164, 165 (5th Cir. 2008); *Johnson v. Bradford*, 72 Fed. App'x. 98, 99 (5th Cir. 2003).
[59] R. Doc. 30-1, p. 10.
[60] *Id.*

arrest.[61] In other words, if plaintiff is successful in this claim in proving excessive force, that finding does not necessarily negate plaintiff's conviction for resisting arrest. The Court does not believe that Plaintiff's guilty plea to resisting arrest automatically bars a § 1983 challenge for use of excessive force.

Viewing facts, resolving doubts, and drawing reasonable inferences in the non-movant's favor, the Court finds that Champagne has raised genuine issues of material fact.

IT IS HEREBY ORDERED that Defendant Wiley Martin's Motion (R. Doc. 30) is DENIED.

New Orleans, Louisiana, this __29th__ day of July, 2019.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[61] *See Arnold v. Town of Slaughter*, 100 Fed. App'x. 321, 322 (5th Cir. 2004); *Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996)(reasoning that the plaintiff's claim that officers used force far greater than that required for his arrest is conceptually distinct from his conviction for assault with a deadly weapon, and that a successful suit on the former would not necessarily imply the invalidity of the

latter).